Houghton, J.:
The action is to recover damages for failure to deliver 1,000 bags of rice sold by description and sample.
On May 13,1903, the defendant solicited the plaintiff to buy, and on that day he purchased 250 bags of ^Bassein rice like sample A A” to arrive at .0255 per pound, and having sold this invoice at an advance, three days later he purchased another lot of 250. bags at the same price, which lot he also sold. On the nineteenth of May he purchased 500 bags more at .0260. fThe sample upon which the trades were made was not Bassein rice but Java rice, which is a' superior grade arid always commands a higher price in the market. A mistake liad been made- by some one in preparing the sample, and when the first lot was purchased neither the plaintiff nor the defendant was aware oHitf for neither was familiar with the two kinds of rice. From the evidence it may also, perhaps, be inferred that when the second lot was purchased the plaintiff did not know .of the mistake although he appreciated he was getting á yery good bargain. fXs to the first lot, and possibly as to"the second lot, plaintiff and defendant dealt on an equal footing, neither knowing the ■ sample was' -not Bassein rice, and defendant must be held to his bargain to deliver the rice which the sample called for.- When the last purchase of 500 bags was made, however, it is manifest from the evidence that the plaintiff had learned of the defendant’s mistake, and knew or had reason to believe that the sample was Java rice and not Bassein rice, which the defendant mistakenly supposed it to be. When this last contract was made, therefore, the plaintiff knew that defendant had made' a mistake respecting the sample, *768 and was' offering a high grade, and high-priced rice for sale at the price of a low or medium grade rice which lie supposed from tlie description of “ Bassein ” he was selling.
The plaintiff cannot' recover -any damages under a contract entered into under such circumstances, for having knowledge of the mistake , undér -which defendant was laboring it would be a fraud _on his part to take advantage of it.^Z The plaintiff as early as when he resold- the first -lot- of 250 bags was told by an expert that the sample looked like Java rice, and lie says several men in the trade talked of the fact .-that Java rice was being sold for Bassein rice between his first and last purchases; ' a
From the facts appearing the extent of plaintiff’s recovery should be his damages on his first and second purchases and'nothing for his last purchase of 500 bags. -
The damages as recovered are-subject of computation, and we-should- be inclined to modify the judgment by deducting the proportionate amount'allowed for the 500 bags were it not for the fact that there is considerable doubt whether plaintiff properly proved' his damage at all. Assuming that the plaintiff proved there was no market in New York'city,, the port: of. import of both Java, and Bassein ricé, the plaintiff failed to show by competent evidence the market price at London or. Botterdam.. The letter of plaintiff’s correspondents in London was not competent for that purpose, nor did plaintiff’s purchase of 500 bags at 03.48 prove that to be the lowest or fair market price in London. Very possibly plaintiff did purchase as low -as he was able, but there is no-legal proof of. that fact. ' .- -
There seems, therefore, to bé no alternative, under our view of ' the law and the facts, except to order a retrial of the whole controversy. The judgment and order should be' reversed and a new trial granted, with costs to the appellant to,abide the event.
Patterson, P. J,, Laughlin and Lambert, JJ., concurred; MoLaughlín, J., dissented.